993 F.2d 1551
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John H. CHAMBERS, Petitioner-Appellant,
v.
Frank GUNTER, Executive Director; Jim Brittain, Supt.;
Gale A. Norton, Attorney General of the State of
Colorado, Respondents-Appellees.
 No. 92-1269.
 United States Court of Appeals, Tenth Circuit.
 May 5, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner John H. Chambers appeals from a district court order dismissing his pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner asserts that his 1978 guilty plea to second degree assault was invalid because the trial court did not make a finding that a factual basis existed for the plea. The district court found that there was a factual basis for the plea, that the plea was voluntary, and that the plea had been properly accepted by the state court.[1]
 
 
 3
 Petitioner's attorney twice represented to the state court that a factual basis existed for the guilty plea. This assertion is substantiated by portions of the preliminary hearing transcript in which two witnesses identified petitioner as the perpetrator of the assault to which petitioner pleaded guilty. That transcript was available to the state court. The state court also established through questioning petitioner that his guilty plea was voluntary. Petitioner's guilty plea therefore satisfied the requirements of North Carolina v. Alford, 400 U.S. 25 (1970).
 
 
 4
 We have reviewed the record and petitioner's brief. After this examination we are satisfied that the district court properly analyzed the law and reached the correct conclusion. We therefore AFFIRM the district court's denial of relief for substantially the reasons stated in its Order filed July 13, 1992.
 
 
 5
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Petitioner asserts that he deposited a notice of appeal in the prison legal mail system on August 10, 1992, within 30 days after the district court order dismissing his writ. We accept petitioner's representation despite inconsistent assertions in his brief referencing an earlier notice of appeal forwarded to the court, along with a cover letter, no evidence of which is reflected in the district court docket sheets. We therefore treat the appeal as timely pursuant to Houston v. Lack, 487 U.S. 266 (1988). Fed.R.App.P. 4(b)