7 F.3d 1045
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Andrew J. JOHNSON, Petitioner-Appellant,
v.
Duane SHILLINGER and the Attorney General of the State of
Wyoming, Respondents-Appellees.
 No. 92-8057.
 United States Court of Appeals, Tenth Circuit.
 Oct. 5, 1993.
 
 1
 Before LOGAN and BRORBY, Circuit Judges, and KANE,* * District Judge.
 
 
 2
 * *Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation.
 
 ORDER AND JUDGMENT[1]
 
 3
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.[2]
 
 
 4
 Petitioner-appellant Andrew J. Johnson appeals from an order dismissing his second petition for a writ of habeas corpus filed pursuant to 28 U.S.C. 2254.[3] We affirm.
 
 
 5
 Petitioner was convicted of aggravated burglary and first degree sexual assault in state court. His conviction was affirmed on direct appeal. Johnson v. State, 806 P.2d 1282, 1291 (Wyo.1991). He then filed in federal court a petition pursuant to 2254, raising two grounds for relief: denial of his right to waive a trial by jury, and ineffective assistance of counsel. The district court denied relief on the waiver issue on the merits, and on the ineffective assistance of counsel argument as conclusory, or alternatively, for failure to exhaust his state remedies. Johnson v. Shillinger, case No. C91-0066J (D. Wyo. Dec.26, 1991).
 
 
 6
 Petitioner then filed a petition for post-conviction relief in state court, which was denied. He then filed a second 2254 petition in federal court, raising three grounds for relief: denial of his right to counsel, use of perjured testimony, and denial of the right to cross-examine the victim. The district court dismissed the petition as an abuse of the writ.
 
 
 7
 A second petition for a writ of habeas corpus that alleges new and different grounds for relief may be dismissed if the judge finds that the failure to raise those grounds in the prior petition constituted an abuse of the writ. Rule 9(b), Rules Governing Section 2254 Cases. However, "the government bears the burden of pleading abuse of the writ." McCleskey v. Zant, 111 S.Ct. 1454, 1470 (1991).
 
 
 8
 There is no indication in the record that the government responded to the petition before it was dismissed, or in any way pleaded abuse of the writ. Rather, it appears that the court dismissed the petition sua sponte under Rule 9(b), without providing petitioner with notice and an opportunity to respond. This was improper. Those circuits that have recognized a district court's ability to raise abuse of the writ sua sponte require that the petitioner first be given an adequate opportunity to respond. Williams v. Whitley, 994 F.2d 226, 232 (5th Cir.1993) (order granting rehearing in banc July 20, 1993); United States v. Fallon, 992 F.2d 212, 213 (8th Cir.1993). Rather than remand, however, we turn to the merits because we conclude the district court's error was harmless.
 
 
 9
 First we note that petitioner failed to brief his allegations regarding use of perjured testimony or right to cross-examine the victim. Hence, we deem those arguments to have been waived. Abercrombie v. City of Catoosa, 896 F.2d 1228, 1231 (10th Cir.1990). Petitioner argues that the state violated his right to counsel as set forth in Edwards v. Arizona, 451 U.S. 477 (1981). Edwards held that once an accused exercises his right to counsel, he cannot be subjected to further interrogation until counsel is made available, unless he initiates further communications. Id. at 484-85. The Edwards rule only applies to custodial interrogation. Id. at 485-86. "Interrogation" includes express questioning, as well as "any words or actions on the part of the police ... that the police should know are reasonably likely to elicit an incriminating response from the suspect." Rhode Island v. Innis, 446 U.S. 291, 301 (1980). To constitute interrogation, however, there must be "a measure of compulsion above and beyond that inherent in custody itself." Id. at 300.
 
 
 10
 The state court found that the victim reported to the police that she had found a pair of eyeglasses in her house, where the alleged crime had occurred. Detective Stanford went to the victim's house to see the glasses. Petitioner told the nurse at the county jail where he was incarcerated that he knew Stanford had the glasses, and demanded that she call him. Stanford came to the jail and asked petitioner if the glasses were his. Petitioner answered affirmatively. Johnson, 806 P.2d at 1286. We must presume the state court's findings are correct because petitioner has not shown that any of the factors listed in 28 U.S.C. 2254(d) are present.
 
 
 11
 Petitioner's exchange with Detective Stanford was not an interrogation. Petitioner was under no compulsion to communicate with police. Petitioner initiated the contact when he told the nurse that Stanford had his glasses, and demanded their return. Thus, the general rule of Edwards does not apply.
 
 
 12
 Petitioner also claims Stanford questioned him in violation of his Sixth Amendment right to counsel. Whether the Sixth Amendment right to counsel has been denied by use of an accused's statement made outside the presence of his attorney depends on whether he was subjected to interrogation, or to investigative techniques that are equivalent to interrogation. Kuhlmann v. Wilson, 477 U.S. 436, 457 (1986). As previously noted, petitioner was not subjected to interrogation.
 
 
 13
 If the admission of petitioner's statement[4] violated his Sixth Amendment right to counsel, however, such error would be subject to a harmless error analysis. See Arizona v. Fulminante, 111 S.Ct. 1246, 1265 (1991) ("we have previously held that the admission of a defendant's statements obtained in violation of the Sixth Amendment is subject to harmless-error analysis"). Petitioner's identification of his glasses placed him in the victim's house. However, there was other evidence amply establishing this fact. The victim identified petitioner as her assailant. Petitioner's driver's license and state identification card were found at the victim's house. There was expert testimony that petitioner was among five percent of the population that could have produced the seminal fluid found in the victim. Johnson, 806 P.2d at 1288. Admission of petitioner's identification of the eyeglasses did not contribute significantly to the conviction. See Fulminante, 111 S.Ct. at 1257.
 
 
 14
 The motion to take action is GRANTED. The judgment of the United States District Court for the District of Wyoming is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 That portion of this court's February1, 1993, order providing that this appeal and case No. 92-8079 will be treated as companion cases and submitted to the same panel of judges for decision is withdrawn. This panel is familiar with the order and judgment recently filed in case No. 92-8079
 
 
 [3]
 We questioned whether the notice of appeal, filed September 4, 1992, was timely to appeal from the final order entered August 4, 1992. According to the prison mail log, petitioner posted an item of legal mail on September 3, 1992. We accept petitioner's representation that he filed his notice of appeal timely, and therefore consider September 3, 1993, as the filing date for this pro se prisoner. See Houston v. Lack, 487 U.S. 266, 270 (1988). Thus, the appeal was filed within the thirty-day time limit of Fed. R.App. P. 4(a)(1), establishing our jurisdiction
 
 
 [4]
 Only admission into evidence of petitioner's identification of the glasses, not the glasses themselves, is at issue