68 F.3d 483
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Vernell MCKNIGHT, Jr., Petitioner-Appellant,
v.
Tom WHITE, Warden; Attorney General, State of Oklahoma,
Respondents-Appellees.
 No. 95-5043.
 United States Court of Appeals, Tenth Circuit.
 Oct. 16, 1995.
 
 Before TACHA, LOGAN and KELLY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 LOGAN, Circuit Judge.
 
 
 1
 This matter is before the court on petitioner Vernell McKnight, Jr.'s application for a certificate of probable cause. Although the procedural history of this case is lengthy, we address only those facts necessary to our determination.
 
 
 2
 Petitioner pleaded guilty to first degree manslaughter in 1984 in Oklahoma state court and was sentenced to life imprisonment. He filed a federal habeas corpus petition in 1986, and ultimately the district court granted an evidentiary hearing to determine whether his plea of guilty was knowing and voluntary. Based on that hearing, on May 20, 1988, the district court denied habeas relief; petitioner appealed and we affirmed. See McKnight v. White, No. 89-5163 (10th Cir. July 16, 1990).
 
 
 3
 In October 1993, petitioner filed a "Motion to Vacate Void Judgments," attacking the denial of his writ of habeas corpus, under Fed.R.Civ.P. 60(b)(4). In his brief filed with that motion, petitioner argued he was denied a full and fair hearing, thus raising the same issue raised in the habeas and disposed of in his appeal No. 89-5163. Although the government was not required to respond to the Rule 60(b) motion, after some time petitioner filed a motion for default judgment. On August 26, 1994, the district court denied the request for default judgment as moot, and found no evidence to justify reopening the judgment under Rule 60(b). Petitioner did not appeal, but on September 19, 1994, filed a "Motion for Summary of Judgment." The district court denied that motion on January 12, 1995, essentially treating it as a motion to reconsider[2] both the district court's order of August 26 denying default judgment and Rule 60(b) relief and its prior order (entered September 5, 1989) in which it denied petitioner's original motion for rehearing or to amend the judgment. Petitioner then filed a notice of intent to appeal the January 12, 1995 order on February 15, 1995.
 
 
 4
 Thus we have before us petitioner's attempt to appeal the district court's January 12 order denying Rule 60(b)[3] relief from the district court's August 26, 1994 order, which itself denied relief from the original judgment on May 20, 1988, denying habeas relief--a judgment we have already affirmed on appeal. The district court did not abuse its discretion in denying the Rule 60(b) motion to vacate denial of the prior Rule 60(b) motion. Cf. Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir.1991), cert. denied, 113 S.Ct. 89 (1992) (party's appeal from the denial of a Rule 60(b) motion "raises for review only the district court's order of denial and not the underlying judgment itself").
 
 
 5
 We treat the February 15 notice of appeal as timely from the January 12 order,[4] but it preserved for appeal only the January 12 order, which was surplusage because the district court had previously disposed of all issues in the case. Because petitioner did not timely appeal denial of his Rule 60(b) motion on August 26, 1994, which was the "final resolution of the matter, independent of subsequent events," Weston v. Mann (In re Weston), 18 F.3d 860, 863 (10th Cir.1994), we must dismiss this appeal for lack of jurisdiction. See Fed. R.App. P. 4(a); see also United States v. Robinson, 361 U.S. 220, 224 (1960) (timely notice of appeal is a mandatory prerequisite to appellate jurisdiction); Gooch v. Skelly Oil Co., 493 F.2d 366, 368 (10th Cir.1974), cert. denied, 419 U.S. 997 (1974).
 
 
 6
 Therefore, we dismiss the appeal and deny petitioner's application for a certificate of probable cause.
 
 
 7
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 If construed as a summary judgment motion, clearly it was moot because there was already a final judgment in the case
 
 
 [3]
 Although the district court treated petitioner's September 19 "summary of judgment motion" as a motion to reconsider the August 26 order, it was not filed within ten days of that judgment, therefore it could only be considered as a second Rule 60(b) motion. See Campbell v. Bartlett, 975 F.2d 1569, 1580 n. 15 (10th Cir.1992) (motions for reconsideration filed after ten days after the judgment fall under Rule 60(b))
 
 
 [4]
 Although petitioner did not provide evidence of when he delivered the notice to prison officials, the certificate of mailing and notarization are dated February 10, 1995. See Houston v. Lack, 487 U.S. 266 (1988)