69 F.3d 548
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Richard Paul LAMB, Petitioner-Appellant,
v.
Steve HARGETT, Respondent-Appellee.
 No. 95-625.
 United States Court of Appeals, Tenth Circuit.
 Nov. 6, 1995.
 
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT[1]
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Richard Paul Lamb (Lamb), an Oklahoma state prisoner, appearing pro se, appeals the district court's denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. 2254. In order to reach the merits of Lamb's appeal, we grant his application for a certificate of probable cause.
 
 
 3
 Lamb is currently serving three concurrent thirty-year sentences pursuant to his pleas of guilty to three charges of Armed Robbery After Former Conviction of a Felony. Lamb does not challenge these convictions or sentences. Instead, Lamb contends that he is being improperly denied earned credits to which he is entitled and that Okla. Stat. tit. 21, 801 is being improperly applied to him and adversely affecting his parole date.[2]
 
 
 4
 The petition was referred to United States Magistrate Judge Purcell, who found that Oklahoma had created a liberty interest in earned credits by statute and that Lamb was being deprived of his "state-created liberty interest." Therefore, he recommended that:
 
 
 5
 the petition be granted to the extent that [Lamb] be given the earned credits to which he is entitled under Okla. Stat. tit. 57, 138 and that [the state] be directed to calculate [Lamb's] earned credits under the appropriate version of section 138 and attribute the earned credits to [Lamb's] aggregate sentence.
 
 
 6
 On April 18, 1995, the district court rejected the magistrate's recommendations. The district court found that Lamb's claims were solely state law issues and not subject to federal habeas review. Although the district court ordered the state to conditionally restore the earned credits that were taken on September 7, 1989, pending the state's decision concerning whether Lamb should be given a hearing, it denied Lamb's petition in all other respects.
 
 
 7
 On May 3, 1995, Lamb filed a Motion for Reconsideration requesting the district court to reconsider its Order of April 18, 1995.[3] The district court construed Lamb's motion as a Rule 59(e) motion to alter or amend judgment and denied it on July 3, 1995. On July 12, 1995, Lamb filed a notice of appeal.
 
 
 8
 On appeal, Lamb contends that the district court's denial of his habeas petition was improper and contrary to Oklahoma law. We agree.
 
 
 9
 Effective November 1, 1988, Oklahoma enacted a new earned credits scheme, which created a liberty interest in earned credits for Oklahoma prisoners. Okla. Stat. tit. 57, 138A[4]; Burch v. Kaiser, 801 P.2d 130, 132 (Okla.Ct.App.1990); Maynard v. Page, 798 P.2d 628, 629 (Okla.Crim.App.1990). Once the state creates a right to sentence credits that entitles an inmate to early release, denying that right to early release without due process constitutes a deprivation of a liberty interest. See Wolff v. McDonnell, 418 U.S. 539, 557 (1974).
 
 
 10
 In Wallace v. Cody, 951 F.2d 1170, 1171 (10th Cir.1991), this court recognized that Oklahoma had created a liberty interest in earned credits and that federal habeas corpus was the proper avenue to redress a denial of those credits. We concluded that, "[h]abeas corpus is the proper remedy for [reviewing] the withholding of good time credits if the withholding affects the length of confinement." Id. See Gregory v. Wyse, 512 F.2d 378, 381 (10th Cir.1975).
 
 
 11
 The district court improperly characterized the nature of Lamb's claims as state law issues not subject to federal habeas review in dismissing his habeas petition. Accordingly, we REVERSE the district court's Order of April 18, 1995, and REMAND to the district court for further proceedings to determine whether Lamb is being improperly denied earned credits and whether Lamb's earned credits are being calculated in accordance with the standards set forth in Okla. Stat. tit. 57, 138. If the prison authorities are incorrectly calculating earned credits, the district court is directed to fashion a remedy to ensure restoration and proper calculation of credits.
 
 
 12
 REVERSED and REMANDED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 On January 24, 1995, J.D. Daniels, Deputy Director of the Pardon and Parole Board advised Lamb that, "You are correct that 21 O.S. 801, the Robbery Law, does not apply to your situation." He further advised Lamb that his file would be modified to reflect this change. Therefore, Lamb's arguments with regard to improper application of 801 to his parole determination are moot
 
 
 [3]
 While Lamb's motion was actually filed on May 3, 1995, the Certificate of Mailing attached to the motion was dated May 2, 1995. Therefore, under Houston v. Lack, 487 U.S. 266 (1988), Lamb's motion was timely
 
 
 [4]
 Okla. Stat. tit. 57, 138A provides: "Except as otherwise provided by law, every inmate of a state correctional institution shall have their term of imprisonment reduced monthly,...."