**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 13 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT DONNELL JOHNSON,

    Petitioner-Appellant,

v.

JAMES SAFFLE, Director, Oklahoma
Department of Corrections,

    Respondent-Appellee.

No. 00-5210

N.D. Oklahoma

(D.C. No. 99-CV-908-K)

**ORDER AND JUDGMENT** *

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the

determination of this appeal. See Fed. R. App. P. 34(a)(2)(c); 10th Cir. R.

34.1(G). The case is therefore ordered submitted without oral argument.

I. BACKGROUND

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Robert D. Johnson, a state prisoner proceeding pro se, seeks a certificate of appealability ("COA") to appeal the dismissal of his 28 U.S.C. § 2254 petition for writ of habeas corpus.  We issued a COA for the limited purpose of seeking a State response to Mr. Johnson's assertion that his petition was timely filed.  We agree with the district court's finding that Mr. Johnson's petition is untimely and that he has not presented claims for which relief could be granted.  Accordingly, we dismiss the appeal.

Mr. Johnson was convicted of kidnapping, and, having had six prior felony convictions, he was sentenced to seventy-five years' imprisonment.  In his habeas petition, Mr. Johnson alleged that (1) he was deprived of due process through an erroneous jury instruction; (2) the state did not prove the elements of kidnapping beyond a reasonable doubt; and (3) the prosecution made prejudicial remarks during its closing argument.  The district court dismissed Mr. Johnson's petition as untimely under the one-year limitations period in 28 U.S.C. § 2244(d)(1).

## II. DISCUSSION

### A. Untimely Filing

Mr. Johnson's sentence became final on June 8, 1998, at which point, under AEDPA, the one-year limitations period for filing a petition for a writ of habeas corpus began to run,   see 28 U.S.C. § 2244(d)(1), subject to the tolling provision

in 28 U.S.C. § 2244(d)(2).  The district court properly tolled the limitations period during the period in which his state post-conviction motions were pending, from December 28, 1998, until April 6, 1999.  The limitations period was also tolled during the period in which Mr. Johnson could have sought an appeal under state law.  See Gibson v. Klinger , 232 F.3d 799, 804 (10th Cir. 2000).  Taking these considerations into account, we conclude that Mr. Johnson had to file his federal habeas corpus petition by October 16, 1999, to be timely. [1]  See 28 U.S.C. 2244(d)(2).

The Court Clerk of the Northern District received Mr. Johnson's habeas petition on October 25, 1999.  The prison mail room log, attached to  the State's response brief on appeal, shows that Mr. Johnson mailed his pleadings to the Court Clerk and the Office of the Oklahoma Attorney General on October 20, 1999.  However, Mr. Johnson signed the "Declaration Under Penalty of Perjury," where Mr. Johnson attested to the truth and validity of the petition, on October 18, 1999.  Finally, Mr. Johnson included a handwritten "Certificate of Mailing" beneath the "Declaration Under Penalty of Perjury," stating that, "[o]n August 18,

---

[1]  We note that the district court did not toll the limitations period during the thirty days Mr. Johnson could have appealed from the state court's denial of postconviction relief.  See Gibson, 232 F.3d at 804.  Consequently, the district court determined the limitations period to have expired on September 16, rather than on October 16, 1999.  This miscalculation does not change the ultimate determination that Mr. Johnson's § 2254 petition was untimely.

1999, a true and correct copy of the foregoing pleadings was mailed postage prepaid to" the Attorney General of Oklahoma.

On appeal, Mr. Johnson contends that he gave his petition to prison officials on August 18, 1999, not on October 18, 1999. He maintains that the prison officials refused to mail the petition until Mr. Johnson was able to pay for the postage, which was in October 1999. Under this scenario, he urges us to hold that his petition was timely filed.

The district court found that, based on the date of the Declaration under Perjury, the earliest day that Mr. Johnson could have delivered the petition to prison officials for mailing was October 18, 1999, i.e., two days after the limitations period expired. The State has attached the prison mail logs to his response brief, which indicates the mail room mailed the petition on October 20, 1999. Although we note the discrepancies between the various dates, we cannot say that the district court's reliance on the October 18, 1999, date of the Declaration under Perjury, rather than on the August 18, 1999, date of the handwritten Certificate of Mailing date, was clear error. See 28 U.S.C. § 2254(e)(1); see, e.g., Hoggro v. Boone, 150 F.3d 1223, 1226 n.3 (10th Cir. 1998) (holding that district court's reliance on copy of prison mailing receipt was sufficient evidence of date of mailing); cf. Lamb v. Hargett, No. 95-625, 1995 WL 649706, at *1 n. 3 (10th Cir. Nov. 6, 1995) (unpublished table decision)

(stating that district court's reliance on a certificate of mailing, dated one day earlier than motion for reconsideration, was sufficient evidence of filing under Houston v. Lack ); McKnight v. White , No. 95-5043, 1995 WL 607623, at *1 n.4 (10th Cir. Oct. 16, 1995) (unpublished table decision) (noting that district court's reliance on certificate of mailing and notarization attached to notice of appeal were sufficient evidence of a timely filing under Houston v. Lack , 487 U.S. 266 (1988)); United States v. Warner , No. 94-3270, 1995 WL 307586, at *1 (10th Cir. May 11, 1995) (unpublished table decision) (stating that district court's reliance on certificate of service sufficient evidence of date of filing notice of appeal); Johnson v. Shillinger , No. 92-8057, 1993 WL 389468, at *2 n.3 (10th Cir. Oct. 5, 1993) (unpublished table decision) (holding that prisoner's assertion, corroborated by generic entry in prison mail log, sufficient); Chambers v. Gunter , No. 92-1269, 1993 WL 147477, at *1 n.1 (10th Cir. May 5, 1993) (unpublished table decision) (stating that prisoner's assertion was sufficient, in the absence of other evidence). Here, Mr. Johnson's assertion that the date of mailing was August 18, 1999 is controverted by several October 1999 dates: the date of the prison log, the date of the certificate of service and the date of receipt by the court clerk. Accordingly, we hold that the earliest Mr. Johnson gave his petition to prison authorities was October 18, 1999, two days after the expiration of the limitations period.

Mr. Johnson also asks us to reconsider his claim that, even if his petition was untimely, equitable tolling is warranted. We have held that "AEDPA's one-year statute of limitations is subject to equitable tolling but only 'in rare and exceptional circumstances.'" Gibson, 232 F.3d at 808 (quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). Examples of such circumstances are actual innocence or when uncontrollable circumstances prevent an inmate from timely filing. "Simple excusable neglect is not sufficient." Id.

In support of equitable tolling, Mr. Johnson argues that he was placed in administrative lockdown for approximately thirty days. See Rec. doc. 6, at 7. Mr. Johnson also claims, without giving a reason, that from April 6, 1999, until August 12, 1999, he was unable to prepare and file his federal habeas petition. Mr. Johnson's explanations are not sufficient. Inability to access legal materials for a period of thirty days does not meet the threshold of "rare and exceptional circumstances." See Gibson, 232 F.3d at 808 (internal quotation marks omitted). Moreover, Mr. Johnson does not offer an adequate explanation for his delay when he was not in lockdown.

Thus, we agree with the conclusions of the district court that Mr. Johnson's petitions were untimely and that his pleadings, which we construe liberally pursuant to Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam), suggest no basis for equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.

1998).  As such, Mr. Johnson has not demonstrated any extraordinary way that he has been prevented from asserting his rights.    See id. (suggesting equitable tolling of limitation period when delay is encountered with circumstances over which inmate had no control and inmate has diligently pursued his claims).

Accordingly, we GRANT his motion to proceed in forma pauperis and DISMISS the appeal.


Entered for the Court,


Robert H. Henry
Circuit Judge