**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 2, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

VERNELL McKNIGHT, JR.,

      Plaintiff–Appellant,

    v.

ELIZABETH A. SHUMAKER,
Officially/Individually; DOUGLAS E.
CRESSLER, Officially/Individually;
THE U.S. ATTORNEY FOR THE
DISTRICT OF DENVER,
COLORADO,

      Defendants–Appellees.

No. 06-1513

(Case No. 06-cv-01698-ZLW)

(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

---

Plaintiff, a state prisoner proceeding pro se, appeals the district court's

denial of his mandamus petition and subsequent motion for reconsideration and

recusal. In his petition, Plaintiff requested the district court to compel

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendants—the Clerk and Chief Deputy Clerk of this court[1]—to file his motion to recall the mandate in *McKnight v. White*, No. 89-5163 (10th Cir. May 23, 1990), a habeas appeal that this court resolved in 1990. Reasoning that it would be inappropriate for a court to issue mandamus against the officers of a higher court, the district court dismissed the complaint and denied Plaintiff's motion for reconsideration and recusal.

Our recent opinion in *Trackwell v. United States Government*, 472 F.3d 1242 (10th Cir. 2007), supports the court's decision. In *Trackwell*, the plaintiff sought mandamus relief in the district court against the Supreme Court and its Clerk, alleging that the Clerk of the Court had improperly refused to file and transmit to Justice Stephen Breyer an application that the plaintiff had submitted challenging the constitutionality of the Iraq War. Considering both the language of the statute and relevant policy concerns, we held that § 1361 "does not apply to courts or to court clerks performing judicial functions."[2] *Id.* at 1243. We concluded that because the Clerk was "being asked to perform a judicial function

---

[1] Defendant–Appellee U.S. Attorney for the District of Colorado is listed in the complaint only as attorney for the two named Defendants. Plaintiff does not appear to seek any independent relief from this Defendant.

[2] By this language, *Trackwell* did not alter established precedent that clerks are ministerial officers who may not assume judicial powers. *See McNeil v. Guthrie*, 945 F.2d 1163, 1165 (10th Cir. 1991); *Midwestern Devs., Inc. v. City of Tulsa, OK*, 319 F.2d 53, 53 (10th Cir. 1963). Rather, *Trackwell* simply held that clerks acting in their official capacity as officers of a court—assisting the court in its judicial functions by performing delegated tasks—should be treated as the court itself in construing § 1361.

delegated by the Supreme Court—the filing of an application"—the district court lacked jurisdiction to consider the plaintiff's request for §1361 mandamus relief. *Id.* at 1247. Thus, under *Trackwell*, the district court lacked jurisdiction over Plaintiff's request for § 1361 mandamus relief against officers of this court who refused to file his motion to recall the mandate.

As to Petitioner's allegation that the district court abused its discretion by denying his request for recusal, this request was based on Petitioner's assertion that the court demonstrated bias by dismissing his complaint. However, "adverse rulings are not in themselves grounds for recusal," *Glass v. Pfeffer*, 849 F.2d 1261, 1268 (10th Cir. 1988), and Petitioner does not provide any other factual allegations in support of his argument that the court was biased. We accordingly conclude that the district court did not abuse its discretion by denying the motion for recusal.

Petitioner also seeks to recover the costs he incurred in filing this lawsuit, pursuant to 28 U.S.C. § 2412. Because Petitioner is not the prevailing party in the action, we need not consider this request. We also **DISMISS** as moot Petitioner's July 26, 2007 motion for summary disposition and determination.

    **AFFIRMED.**

Entered for the Court


Monroe G. McKay
Circuit Judge

-3-