FILED
United States Court of Appeals
Tenth Circuit

January 25, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENAL CIRCUIT

---

VERNELL MCKNIGHT, JR.,

      Petitioner-Appellant,

v.

WALTER DINWIDDIE, Warden,

      Respondent-Appellee.

No. 09-5152

(D.C. No. 4:09-CV-00625-TCK-FHM)
(N. D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY, BRISCOE,** and **HOLMES**, Circuit Judges.

---

      Vernell McKnight Jr., an Oklahoma state prisoner proceeding pro se, has filed an application for a certificate of appealability (COA), challenging the district court's dismissal of his pleading as a second or successive habeas petition. Because McKnight has failed to satisfy the standards for the issuance of a COA, we deny his request and dismiss the matter.

I

      In 1984, McKnight pled guilty to first degree manslaughter. In post-conviction proceedings, McKnight admitted that after he doused his wife with

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

gasoline, he flicked his lighter which ignited the gas fumes, setting his spouse on fire. He was sentenced to life imprisonment.

Following his conviction, in 1987 McKnight filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the Northern District of Oklahoma. The court initially granted the writ, concluding that McKnight's guilty plea was not knowing and voluntary. However, the state filed a motion under Rule 60(b) to alter or amend the judgment and requested an evidentiary hearing. The habeas court granted the motion to conduct an evidentiary hearing to determine whether McKnight's guilty plea was knowing and voluntary. After the hearing, the court denied habeas corpus relief, and we affirmed that denial on appeal in McKnight v. White, No. 89-5163 (10th Cir. May 23, 1990) (unpublished).

In September 2009, McKnight filed a pleading with the district court captioned as an "Application for a Writ of Habeas Corpus Under 28 U.S.C. § 2241(c)(3) Request for Release from Illegal Custody." The district court determined that it was more properly characterized as a 28 U.S.C. § 2254 petition. Recognizing that McKnight had previously filed a § 2254 petition,[1] the district court concluded that under 28 U.S.C. § 2244(b), it lacked jurisdiction over a

---

[1] The district court also noted that McKnight has unsuccessfully sought other relief in federal court, including a Rule 60(b) motion in 1993 and more recently for mandamus relief. See McKnight v. Shumaker, 244 F. App'x 233 (10th Cir. 2007) (unpublished); McKnight v. White, 68 F.3d 483 (Table), 1995 WL 607623 (10th Cir. 1995) (unpublished).

2

second or successive habeas petition without authorization from the court of appeals. After determining that it would not be in the interest of justice to transfer the matter to this court, it dismissed the matter for lack of jurisdiction. The district court denied McKnight's motion for a COA.

## II

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003). In other words, a state prisoner may appeal from the denial of his habeas relief only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). Where a district court denies a petition on procedural grounds, a COA may issue only if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, the district court dismissed McKnight's pleading as an unauthorized second or successive § 2254 petition, which is a procedural ruling requiring a COA. See United States v. Harper, 545 F.3d 1230, 1233 (10th Cir. 2008) (discussing the COA analysis for an unauthorized § 2255 motion). To determine whether jurists of reason would find the district court's procedural ruling debatable, we must first determine whether jurists of reason would find debatable the district court's decision to construe McKnight's application as a second or

3

successive § 2254 claim. See id.[2]

When a "motion attacks[] not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," it is not a "habeas corpus application" under the statute. Gonzalez v. Crosby, 545 U.S. 524, 531–32 (2005). Thus, such a motion is not a second or successive petition requiring authorization under § 2244(b). See id. at 534–35.

McKnight captioned his pleading as an "Application for a Writ of Habeas Corpus," but it is the substance of the pleading, not its title that determines whether it is a second or successive petition for habeas relief. See id. at 531–32. The pleading suggests that McKnight was attacking the court's subject matter jurisdiction to conduct an evidentiary hearing, i.e., a defect in the integrity of the federal habeas proceedings. We think that jurists of reason would disagree with

---

[2] We note that at first glance there appears to be some tension between Harper and Spitznas v. Boone, 464 F.3d 1213 (10th Cir. 2006). In Spitznas we stated that "a COA is not required as a threshold matter simply to determine whether the motion is, in fact, a second or successive petition and, if so, whether it should be authorized." 464 F.3d. at 1218–19. We think that this statement is best understood in the context of when the district court "treats a . . . motion as a second or successive petition and transfers it to us for authorization." See id. at 1218. In that case, a COA is not required because there is no appeal. See Peach v. United States, 468 F.3d 1269, 1272 (10th Cir. 2006) (per curiam) ("[Petitioner] has never received a ruling from the district court on his . . . motion because the district court erroneously transferred it here as a second or successive § 2255 motion. Because there is no appeal before us, there is no occasion to invoke the COA standards, and because there has been no ruling on [petitioner's] . . . motion, there is nothing to which we could apply those standards."). Here however, we have a district court ruling and an appeal; therefore, a COA is required. See Harper, 545 F.3d at 1233.

4

the district court's construction of McKnight's application as a second or successive petition. The "application" is best construed as a Rule 60(b) motion arguing that the judgment was void for lack of subject matter jurisdiction. See id. at 534 (discussing role of Rule 60 motions in habeas cases). McKnight's pleading did not seek to attack his original conviction or sentence, but he disputed the original federal habeas court's subject matter jurisdiction. As such, his "application" was not actually a second or successive petition for habeas relief, and the district court's dismissal was erroneous. See Peach, 468 F.3d at 1271 ("Only where the motion could be said to bring a claim, i.e., to assert a federal basis for relief from the underlying conviction or sentence, should it be treated as a successive petition . . . .").

Accordingly, we proceed to the next prong of the COA analysis, whether "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack, 529 U.S. at 484 (internal quotations omitted). McKnight cannot meet this prong of the COA analysis.

McKnight contended in his application that the federal habeas court in 1987 lacked jurisdiction to conduct an evidentiary hearing because "[a] state defendant should have the opportunity to have all issues which may be determinative of his guilt tried by a state judge or a state jury under appropriate state procedures

5

which conform to the requirements of the Fourteenth Amendment." Rogers v. Richmond, 365 U.S. 534, 547–48 (1961). According to McKnight, this means that the district court lacked subject matter jurisdiction to conduct an evidentiary hearing. This argument is without merit.

"The language of Congress, the history of the writ, the decisions of [the Supreme] Court, all make clear that the power of inquiry on federal habeas corpus is plenary. Therefore, where an applicant for a writ of habeas corpus alleges facts which, if proved, would entitle him to relief, the federal court to which the application is made has the power to receive evidence and try the facts anew." Townsend v. Sain, 372 U.S. 293, 312 (1963), overruled on other grounds by Keeney v. Tamayo-Reyes, 504 U.S. 1, 5 (1992). "In every case [the court] has the power, constrained only by [its] sound discretion to receive evidence bearing upon the applicant's constitutional claim." Id. at 318.[3] We conclude that jurists of reason would not find it debatable whether the district court had subject matter jurisdiction to conduct an evidentiary hearing in 1987. Thus, McKnight has not

---

[3] We note that we are not concerned with the limits on evidentiary hearings in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Because McKnight's original petition at issue here was filed before the enactment of AEDPA, the statute's limits on a district court's power to conduct an evidentiary hearing would not apply. See Lindh v. Murphy, 521 U.S. 320, 326–27 (1997). The 1987 habeas court's jurisdiction to hold an evidentiary hearing is beyond dispute. See Schriro v. Landrigan, 550 U.S. 465, 473 (2007) ("Prior to [AEDPA], the decision to grant an evidentiary hearing was generally left to the sound discretion of district courts."); Townsend, 372 U.S. at 318.

6

made the substantial showing required of a COA.

Finally, we have McKnight's motion to proceed in forma pauperis ("IFP"). According to his "Statement of Institutional Accounts," he has in excess of $700 in his savings account. Under Okla. Stat. Tit. 57, § 549(A)(5), funds from an inmate's savings account may be used for fees or costs in filing a federal action. Because McKnight has the ability to pay the $455 filing fee for this appeal, his motion to proceed IFP is denied. See United States v. Silva, 430 F.3d 1096, 1100 (10th Cir. 2005).

The request for a COA is DENIED and the matter is DISMISSED. McKnight's motion to proceed IFP is DENIED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

7