**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 19, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

VERNELL MCKNIGHT, JR.,

      Petitioner - Appellant,

v.

TOM WHITE, Previous Warden;
ANITA TRAMMELL, Present
Warden,

      Respondents - Appellees.

No. 12-5028
(D.C. No. 4:12-CV-00029-CVE-FHM)
(N.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

Vernell McKnight, Jr., a state inmate appearing pro se, seeks a certificate of appealability ("COA") so that he may appeal from the district court's denial of his 28 U.S.C. § 2254 petition. Finding that he has not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c), we deny Mr. McKnight's request for a COA and dismiss this appeal.

In 1984, Mr. McKnight was convicted of manslaughter in Oklahoma state court, upon a guilty plea, and since then has repeatedly challenged his conviction in this court. McKnight v. Dinwiddie, 362 F. App'x 900 (10th Cir. 2010); McKnight v. Shumaker, 244 F. App'x 233 (10th Cir. 2007); McKnight v. White,

68 F.3d 483 (Table), 1995 WL 607623 (10th Cir. 1995); <u>McKnight v. White</u>, No. 89-5163 (10th Cir. May 23, 1990). On at least two of these occasions, he has moved to vacate federal judgments under Fed.R.Civ.P. 60(b)(4); his most recent motion was so construed below. <u>McKnight v. White</u>, No. 12-cv-0029-CVE-FHM, Doc. 4, at 2 (N.D. Okla. Jan. 31, 2012).

Mr. McKnight argues that "jurists [would] find it debatable that [he] made a substantial showing of being denied a constitutional right when the federal court was without jurisdiction to vacate the final judgment entered July 6, 1987." App. for COA, at 2. In July 1987, the district court granted his habeas motion. R. 16. But (as we explained in 1990) the district court, in October 1987, then ordered an evidentiary hearing on the voluntariness of Mr. McKnight's plea; after it was found voluntary, the court subsequently ordered his petition dismissed. R. 20-21. Mr. McKnight objects to this May order, but we find no defect in it.

There is nothing here to justify relief under Rule 60(b)(4), which operates to relieve a party of a final judgment when the "judgment is void." Mr. McKnight has not raised issues that are reasonably debatable; his claims are legally unsupportable and frivolous. We DENY a COA and DISMISS this appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

- 2 -