54 F.3d 788
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Scott A. WARNER, Defendant-Appellant.
 No. 94-3270.
 United States Court of Appeals, Tenth Circuit.
 May 11, 1995.
 
 Before HENRY, McKAY, and LOGAN, Circuit Judges.
 ORDER AND JUDGMENT*
 HENRY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant appeals from a district court order denying relief under 28 U.S.C. Sec. 2255. As explained below, we affirm the result reached by the district court, but express our concern regarding its enforcement of a restrictive understanding of the prison mail rule established in Houston v. Lack, 487 U.S. 266, 270 (1988) (deeming inmate's notice of appeal filed when delivered to prison authorities for forwarding to court clerk).
 
 
 3
 On a prior appeal, this court affirmed the district court's dismissal of all but two of defendant's Sec. 2255 claims, and remanded the case for a determination whether defendant's procedural default of those claims (i.e., failure to raise them on direct criminal appeal) should be excused under "cause and prejudice" or "fundamental miscarriage of justice" principles. See United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994). The district court promptly issued an order directing defendant to file a supplemental pleading on this question within "30 days from the date of this order." R. doc. 60, at 2. The order was signed May 24, 1994, but stamped on its face is the formal chronological reference: "ENTERED ON THE DOCKET DATE: 5-25-94." Id. at 1.
 
 
 4
 Defendant, a federal prisoner, submitted his supplemental pleading with a certificate of service indicating it was mailed "in accordance with Houston v. Lack, 487 U.S. 266," on June 24, 1994--within thirty days of the entry date of the district court's order.[1] Nevertheless, without any mention of Houston's special allowance for inmate filings by mail, the court deemed the pleading untimely filed as of June 30, 1994, when it was received and stamped by the clerk. The court did, however, go on to hold alternatively that, even if the pleading were considered, it would not establish circumstances excusing defendant's procedural default.
 
 
 5
 On appeal, the government offers a singularly unpersuasive justification for the district court's disregard of defendant's incarcerated status in connection with the timeliness issue. Focussing on the limited (i.e., appellate) scope of Fed. R. App. P. 25(a) (inmate appellate submissions "are timely filed if [timely] deposited in the institution's internal mail system"), and studiously avoiding any reference to Houston and its progeny--from which the appellate rule derives, the government argues that the inmate mail rule does not apply to district court submissions.
 
 
 6
 Virtually every federal circuit has recognized that the following policy and practical considerations supporting the Houston rule are equally applicable to filings in district court proceedings:
 
 
 7
 Central to the Court's holding in Houston is its concern for fairness in recognition of the 'unique' disadvantages of an incarcerated pro se litigant for court filings. 487 U.S. at 270; 108 S. Ct. at 2382. Pro se prisoners are unable to file personally in the clerk's office, they cannot utilize a private express carrier, and they cannot place a telephone call to ascertain whether a document mailed for filing has arrived. Not only do they lack these safeguards available to other litigants to ensure that their court filings are timely, but also they do not have counsel to monitor the filing process. Importantly, the pro se prisoner has no recourse other than to entrust his court filings to prison authorities over whom he has no control....
 
 
 8
 In establishing a brightline rule in Houston, the Court clearly sought to place pro se prisoners on an equal footing with other litigants who are not impeded by the practical difficulties encountered by incarcerated petitioners in meeting filing requirements.
 
 
 9
 Garvey v. Vaughn, 993 F.2d 776, 780 (11th Cir. 1993); accord Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993), modified on other grounds, 25 F.3d 81 (1994); Faile v. Upjohn Co., 988 F.2d 985, 988 (9th Cir. 1993); Simmons v. Ghent, 970 F.2d 392, 393 (7th Cir. 1992); Lewis v. Richmond City Police Dep't, 947 F.2d 733, 735-36 (4th Cir. 1991). Indeed, this court too has applied the Houston rule to a district court filing, without deeming it necessary to elaborate on the equivalent purpose and function of the rule in both contexts. See Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989), cert. denied, 493 U.S. 1059 (1990). Accordingly, defendant's supplemental pleading should be deemed filed within the deadline set by the district court order to which it responded.[2]
 
 
 10
 That said, we agree with the district court's assessment of the substantive inadequacy of defendant's supplemental pleading. Aside from plainly inaccurate and/or obsolete case law references to the undefaultable character of constitutional habeas claims, defendant's position consisted of the conclusory assertion that his appellate counsel failed to raise issues, concerning the improper use of evidence at sentencing, on which he would have prevailed and secured a significant reduction in sentence. The supplemental pleading does not, with any particularity, identify the offending evidence, demonstrate its inadmissibility, or show how its consideration affected the sentence imposed. In short, defendant simply provided no basis for the district court to find the requisite cause, prejudice, or fundamental miscarriage of justice to justify consideration of the defaulted claims on the merits.
 
 
 11
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 We do not mean to suggest that the docket entry date is controlling in every case of this sort. However, where, as here, the directive language used in the order is ambiguous, the entry date is formally and prominently displayed, and the (one day) difference between signing and entry is plainly de minimis, it would be an abuse of discretion to employ the signature date of an order as the basis for dismissing a pro se litigant's good faith responsive pleading as untimely
 
 
 [2]
 The government also objects, in perfunctory fashion, that although defendant included a signed certificate stating that he mailed the supplemental pleading on June 24, 1994, the certificate did not include some of the elements Rule 25(a) cites as sufficient indicia of timely mailing. The government does not explain why these are to be treated as necessary conditions, or why they apply to filings the rule itself does not govern. Moreover, the government states at several points that the date on the certificate was indeed the date of mailing. See Appellee's Brief at 3, 5, 7. Under the circumstances, we do not view further inquiry into the sufficiency or integrity of the certificate as warranted