**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 17 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DANIEL E. ADAMS,

                    Petitioner - Appellant,

          v.

TIM LEMASTER, Warden;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

                    Respondents - Appellees.

No. 98-2222

D. New Mexico

(D.C. No. CIV-97-1017-JP)

**ORDER AND JUDGMENT** *

Before **ANDERSON** , **KELLY** , and **BRISCOE** , Circuit Judges.

          After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34 (a)(2); 10th Cir. R. 34.1(G).  This cause is

therefore ordered submitted without oral argument.

---

          *This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Daniel Adams appeals the district court's denial of a certificate of appealability, which followed its order dismissing his habeas petition. He also makes a separate application to this court for a certificate of appealability. For the reasons below, we vacate the district court order dismissing Adams' petition and remand for further proceedings.

Adams' New Mexico conviction became final on appeal in January 1988. Later that same year, Adams' first state habeas petition was denied. He filed a second state habeas petition in April 1997. The notarized certificate of service by mail accompanying the petition was dated April 12, 1997, and the state court stamped the petition filed on April 22, 1997. Adams apparently timed this filing in an attempt to toll the April 24, 1997 deadline under 28 U.S.C. § 2244(d) for filing his 28 U.S.C. § 2254 federal habeas petition. See Miller v. Marr, 141 F.3d 976, 977 (10th Cir.) (citing United States v. Simmonds, 111 F.3d 737, 746 (10th Cir. 1997)), cert. denied, 119 S. Ct. 210 (1998). This second state petition was dismissed with prejudice on June 13, 1997. Adams then applied to the New Mexico Supreme Court for certiorari, in a filing the court received on July 9, 1997. On July 21, 1997, the court denied this petition. Adams then filed his federal § 2254 petition, which the district court received on August 1, 1997.

On August 8, 1997, the magistrate judge to whom the § 2254 petition was referred ordered the state to respond. After two extensions of time, on October

24, 1997, the state filed a response that claimed (without argument) that Adams' petition was untimely under 28 U.S.C. § 2244(d).  Attached to this response were numerous appendices, including a copy of Adams' state habeas petition and notarized certificate of service by mail dated April 12, 1997.

On June 30, 1998, the magistrate judge submitted a report recommending that Adams' federal petition be denied as untimely.  The magistrate judge determined that under § 2244(d)(2), [1] the Simmonds deadline was tolled during the pendency of Adams' state court habeas petition; however, he found that

> Petitioner filed his second state habeas petition on April 22, 1997. Since the one-year grace period ended on April 24, 1997 and Petitioner initiated his state habeas petition two days before that deadline, he had two days from the date of the exhaustion of his state proceedings to file his federal habeas petition.  See Healy [ v. DiPaolo , 981 F. Supp. 705, 707 (D. Mass. 1997)].  That two day period expired in the interim between the denial of Petitioner's state habeas petition on June 13, 1997 and the filing of his petition for writ of certiorari  with the New Mexico Supreme Court on July 9, 1997.  Alternatively, that two day period expired following the denial of his petition for writ of certiorari  but before he filed this §2254 action.  Accordingly, this petition is time barred.

R. Vol. I, Tab 18, at 6.

Adams filed timely objections to the magistrate judge's report.  He alleged, inter alia, that he mailed his state habeas petition on April 12, 1997, and that on

---

[1]"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

April 16, 1997, his case worker verified by telephone that the district court had received it. Based on these allegations, he invoked the rule of <u>Houston v. Lack</u>, 487 U.S. 266 (1988), arguing that his petition should be deemed filed on the date he delivered it to prison authorities for mailing. He contended that the April 12 mailing gave him eleven days of tolling before April 23, 1997 (the last day of the <u>Simmonds</u> grace period, <u>see</u> <u>Simmonds</u>, 111 F.3d at 746 (requiring petitions to be filed "<u>before</u> April 24, 1997" (emphasis added))), and that this meant he had eleven days to file his federal petition after the state supreme court denied certiorari on July 21, 1997. He further alleged that he had mailed his federal petition on "July 30, 1007[sic]," and he argued that therefore the petition was timely. R. Vol. I, Tab 21 ¶ 3.

On August 10, 1998, the district court issued a one-page order adopting the magistrate judge's report and dismissing Adams' petition. In its order the court noted that "objections to the proposed findings and recommended disposition hav[e] been filed, and the Court ha[s] made a <u>de novo</u> determination of the Magistrate Judge's proposed findings and recommended disposition." R. Vol. I, Tab 22. Adams filed a notice of appeal, and the district court denied a certificate of appealability.

The magistrate judge was correct in noting the applicability of § 2244(d)(2) to toll the <u>Simmonds</u> grace period. <u>See</u> <u>Hoggro v. Boone</u>, 150 F.3d 1223, 1226

(10th Cir. 1998). However, in light of our recent cases in this unsettled area of the law, we conclude that there are two problems with the district court's reliance on the magistrate judge's report. First, the magistrate judge was incorrect in concluding that there was no tolling for the period between the initial denial of Adams' state habeas petition and the filing of his application for certiorari with the New Mexico Supreme Court. The magistrate judge did not have the benefit of our recent opinion in Barnett v. LeMaster , No. 98-2139, slip. op. (10th Cir. Feb. 9, 1999), where we explained that the time tolled under § 2244(d)(2) encompasses all periods during which a prisoner is properly attempting to exhaust state post-conviction remedies, including the interim between the denial of a state habeas petition and the filing of a proper petition for certiorari before the state supreme court. See also Morris v. Hargett , No. 98-6194, 1998 WL 786917, at *1, 3 (10th Cir. Nov. 10, 1998) (applying § 2244(d)(2) tolling to a similar interim period). Here, tolling did not end until the denial of certiorari on July 21, 1997.

Second, neither the magistrate judge nor the district court addressed Adams' claims under Houston v. Lack , which, if meritorious, are dispositive of the timeliness issue in Adams' favor. [2] In a recent case, we allowed for the

_____

[2]This must be attributed in part to the fact that the state, which is presumably aware of the prison mailing/filing rule, never referred to the rule and did not attempt to assist the court by addressing a point which was obviously relevant in view of the date on the certificate of service attached to Adams'

(continued...)

-5-

possibility that the mailbox rule of Houston v. Lack applies, for purposes of §
2244(d)(2) tolling, to filings of state habeas petitions. Moore v. Ward, No. 98-
6263, slip. op. (10th Cir. Feb. 3, 1999). However, we have never squarely
addressed the issue, and we leave it to the district court to decide here. If
Houston v. Lack does apply, and if, as Adams alleges, he mailed his state habeas
petition on April 12, 1997, he had eleven days of tolling before April 23, 1997,
the last day of the Simmonds grace period. This would mean that after the denial
of his state habeas petition became final on July 21, 1997, he had at least until
August 1, 1997, to file his federal habeas petition (which in any event was
received by the district court on August 1, 1997). We note further that neither the
district court nor the magistrate judge made any findings under Houston v. Lack
as to the filing of Adams' § 2254 petition, which Adams claims he mailed on July
30, 1997.

We do not intend to express any opinion on the merits of Adams' timeliness
claims. If the district court determines that Houston v. Lack does apply here, it
must then decide as a factual matter when Adams actually delivered his petition to

---

[2](...continued)
second state habeas petition.

prison authorities for mailing, taking into account the certificate of service dated

April 12, 1997, [3] and any other appropriate evidence. [4]

Accordingly, we GRANT the certificate of appealability, VACATE the

district court's order, and REMAND this case for further proceedings.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[3]Although many of our cases applying Houston v. Lack are unpublished, in at least one instance we found a proper certificate of service to be relevant proof of delivery to prison officials. See United States v. Warner, No. 94-3270, 1995 WL 307586, at *1 (10th Cir. May 11, 1995). Of course, the date of delivery to prison authorities is always a fact question, decided on a case-by-case basis.

[4]See Houston, 487 U.S. at 275:

> [T]he rejection of the mailbox rule in other contexts has been based in part on concerns that it would increase disputes and uncertainty over when a filing occurred and that it would put all the evidence about the date of filing in the hands of one party. . . . [P]rison authorities . . . have well-developed procedures for recording the date and time at which they receive papers for mailing and . . . can readily dispute a prisoner's assertions that he delivered the paper on a different date.

Cf. Holmes v. Newland, No. C 97-3563 TEH PR, 1998 WL 730884 (N.D. Cal. Oct. 13, 1998) (finding prisoner's allegations of timely filing rebutted by documentary evidence of prison mail handling procedures).