**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 5 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TIMOTHY R. LOCKABY,

Plaintiff - Appellant,

v.

L. L. YOUNG; LARRY HAHN; JACK
PALMER; CECIL YOUNG; BOB
TOMLINSON; TOM LEWIS;
DOTTIE STREET; GENE BROOKS;
BRENDA BROOKS; ROBERT
BERNARD, Doctor; SHYAMYANT
KULKARNI, Doctor; and GEORGE
ROACH,

Defendants - Appellees.

No. 02-6033

(D.C. No. 00-CV-1285-L)

(W. D. Oklahoma)

**ORDER AND JUDGMENT** *

Before **EBEL** , **LUCERO** , and **HARTZ** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

to honor the request of the parties for a decision on the briefs without oral

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

Defendants are employees of the Oklahoma Department of Corrections (ODC). Plaintiff brought a § 1983 claim, alleging that they violated his Eighth Amendment rights while he was incarcerated at the Oklahoma State Reformatory in Granite, Oklahoma, by failing to provide a safe environment or adequate medical care. His complaint also raised tort claims under state law.

Plaintiff, appearing *pro se*, appeals the district court order granting summary judgment for Defendants. He appears to raise four issues on appeal: (1) whether the evidence before the district court showed a genuine issue of material fact, precluding summary judgment; (2) whether the court should have allowed Plaintiff more time to conduct discovery before granting Defendants' motion for summary judgment; (3) whether this court should allow Plaintiff to amend his complaint to state a cause of action arising out of events which occurred after he filed his complaint; and (4) whether the district court abused its discretion by not granting Plaintiff's motion for post-judgment relief. Our jurisdiction arises under 28 U.S.C. § 1291. We affirm the district court's grant of summary judgment on Plaintiff's § 1983 claims and its denial of Plaintiff's post-judgment motion. Also, we deny Plaintiff's motion to amend. We must, however, reverse the district

court judgment in part and remand with instructions to dismiss without prejudice the state tort law claims raised by Plaintiff.

I.      **Background**

The underlying facts are not disputed. On March 23, 2000, Plaintiff stepped into an uncovered manhole located on prison grounds and injured himself. Until moments before his fall, the manhole had been covered with a piece of three-quarter-inch plywood. The plywood, however, had been washed away by runoff water from a rainstorm. The same runoff obscured the hole. A guard noticed the potential danger and shouted to Plaintiff to look out, but he did not hear the warning in time. The make-shift manhole cover was replaced by a permanent metal one on March 28, 2000.

After his accident Plaintiff received extensive medical care; he was treated at the prison medical facility on numerous occasions and saw several specialists, including an orthopedist, a urologist, and a neurologist. His doctors prescribed various medications and treatment programs and conducted numerous tests (x-rays, MRI, and blood and urine tests) to determine the cause of his ailments. After almost a year, Plaintiff's doctors determined that he had a spinal injury that would require surgery to correct. He underwent the prescribed operation on January 25, 2001.

Prior to his surgery, Plaintiff filed the complaint in this case. The district court referred the matter to a magistrate judge, who ordered the ODC to submit a Special Report. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). In the same order the magistrate judge prohibited any further discovery until the Special Report had been filed.

After completion of the Special Report, Defendants filed a Motion to Dismiss/Motion for Summary Judgment. The magistrate judge entered an order explaining to Plaintiff that he was required to respond to Defendants' motion and that his response would have to comply with Rule 56 of the Federal Rules of Civil Procedure. The order also stated that to defeat Defendants' motion, Plaintiff's response would have to be supported by "affidavits and/or documents to set forth specific facts showing that there is a genuine issue of material fact to be litigated at the trial." Plaintiff filed a timely and lengthy response, discussing the facts of the case and providing supporting documentation. Plaintiff made no argument in his response that he lacked adequate time to discover information material to his case, nor did he ask for additional time in which to conduct discovery.

Based on the documents before him, the magistrate judge entered his Report and Recommendation that Defendants' motion for summary judgment be granted. The magistrate judge determined that there were no genuine issues of material fact relating to either of Plaintiff's Eighth Amendment claims. He found

no evidence that the ODC Defendants acted with deliberate indifference to Plaintiff's health or safety with regard to the conditions that caused Plaintiff's injury. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 807 (10th Cir. 1999). Nor did he find any evidence that Defendants acted with deliberate indifference to Plaintiff's serious medical needs by failing to provide him with adequate medical care after his fall. *See Estelle v. Gamble,* 429 U.S. 97, 104-06 (1976); *Daniels v. Gilbreath*, 668 F.2d 477, 481-82 (10th Cir. 1982). The magistrate judge further recommended that the district court decline to exercise supplemental jurisdiction over the state law claims.

Plaintiff asked for and received a time extension to file a response to the Report and Recommendation. In his response he claimed that he had not had enough time to conduct proper discovery. He also asserted that he intended to conduct discovery to substantiate his claims (1) regarding Defendants' administration of, or failure to administer, pain medication and (2) regarding Defendants' failure to securely cover the manhole. He did not, however, explain why further discovery would enable him to obtain material information not already before the court. The Special Report contained copies of Plaintiff's medical records and his doctor's affidavit; and Plaintiff's own response to Defendants' summary judgment motion contained incident reports describing the events surrounding his accident. There appears to be no dispute as to the facts.

The district court entered an order adopting the magistrate judge's Report and Recommendation "in its entirety," but mentioned only the § 1983 claims, not the state law claims, and the judgment simply stated that "judgment is hereby entered in favor of defendants . . . and against plaintiff Timothy Lockaby."

Plaintiff filed a Motion for Reconsideration, in which he again alleged lack of adequate time to conduct discovery. He claimed that the magistrate judge's earlier order directing the ODC to prepare the Special Report suspended his discovery efforts, and the subsequent order advising him of his responsibilities in responding to Defendants' summary judgment motion was inadequate to inform him that he was allowed to resume discovery. The district court denied the motion.

II.   **Analysis**

A.   *Summary Judgment*

The only argument clearly stated in Plaintiff's brief is that the court did not allow him to conduct discovery before it granted Defendants' summary judgment motion. Nevertheless, because we construe the pleadings of *pro se* parties liberally, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), we will also address what may be Plaintiff's further claim that summary judgment was improper even based on the record before the district court.

We review the grant of a motion for summary judgment *de novo*. *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). We apply the same legal standard used by the district court under Rule 56(c) and "examine the record to determine if any genuine issue of material fact was in dispute; if not, the court must decide if the substantive law was correctly applied." *Osgood v. State Farm Mut. Auto. Ins. Co.*, 848 F.2d 141, 143 (10th Cir. 1988). We examine the factual record in the light most favorable to the non-moving party. *Gray v. Phillips Petroleum Co.*, 858 F.2d 610, 613 (10th Cir. 1988). The non-moving party may not, however, rely solely on its pleadings but must set forth specific facts showing that there is a genuine issue for trial with regard to those dispositive matters for which it carries the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

As for Plaintiff's contention that summary judgment was improper because there was evidence in the record showing genuine issues of material fact, we agree with the district court's conclusion that there was no basis shown for Plaintiff's § 1983 claim. We therefore affirm the district court's decision for substantially the reasons set forth by the district court in its order filed November 27, 2001, and by the magistrate judge in his report filed February 28, 2001.

We now turn to Plaintiff's assertion that he is entitled to relief because the

magistrate judge did not allow him to conduct discovery in order to bolster his argument against summary judgment. A party opposing summary judgment may be entitled to a delay in proceedings in order to conduct discovery. *See* Fed. R. Civ. P. 56(f)*; Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1521 (10th Cir. 1992). But the party must do more than simply allege that further discovery is necessary; "the party must demonstrate precisely how additional discovery will lead to a genuine issue of material fact." *Ben Ezra, Weinstein & Co., Inc. v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000).

Here, the contents of Plaintiff's pleadings on the matter are either inapposite or conclusory, alleging only that if given more time to conduct discovery, he could obtain the information necessary to show a genuine issue of material fact. Because Plaintiff failed to explain adequately how further discovery would have shown the existence of such an issue, the district court did not err in rejecting his request for more time.

B.      *Request to Amend Complaint*

In his opening brief on appeal, Plaintiff expresses his desire to amend his complaint to include allegations of "retaliatory transportation" and failure to provide adequate medical care, which relate to the conditions under which he was transported from the hospital after his back surgery. We decline this request. An appellate court will not entertain a motion to amend a complaint not properly

-8-

raised before the district court. *See Tele-Communications, Inc. v. C.I.R.,* 104 F.3d 1229, 1232 (10th Cir. 1997) (appellate court will not consider an issue raised for the first time on appeal). Although Plaintiff did complain about his post-surgery treatment in his response to Defendants' summary judgment motion, he never moved the court to amend his complaint to include additional claims arising from the conduct.

### C. *Post-judgment Relief*

Plaintiff's briefs also appear to challenge the district court's denial of his post-judgment motion for relief. Preliminarily, we observe that although the district court treated Plaintiff's motion as one falling under Rule 60(b) of the Federal Rules of Civil Procedure, perhaps it was a Rule 59(e) motion. Which rule is the applicable one depends upon whether the motion was filed within ten days of the date of judgment. The district court entered its judgment on July 12, 2001. Thus, the ten-day deadline for filing a timely motion under Rule 59(e) expired on July 26, 2001. *See* Fed. R. Civ. P. 6(a). Although Plaintiff's motion was not stamped by the court clerk until July 31, 2001, the "prisoner mailbox rule" provides that an inmate's pleadings are deemed filed as of the date on which they are deposited into the appropriate prison mailing system. *See Houston v. Lack*, 487 U.S. 266, 275-76 (1988); *United States v. Warner*, 54 F.3d 788, 1995 WL 307586, at *2 (10th Cir. 1995) (unpublished decision) (holding that "prisoner

mailbox rule" is applicable to filings in district court proceedings). Plaintiff's post-judgment motion contained a "certificate of mailing" indicating that the document had been mailed on July 25, 2001—within ten days of the entrance of the judgment. Such a certificate may have been sufficient to afford Plaintiff the benefit of the prisoner mailbox rule. *See Bridgeforth v. Gibson*, 162 F.3d 1172, 1998 WL 729256, at *4 n.2 (10th Cir. 1998) (unpublished decision).

In any event, we need not resolve this issue here; both Rule 60(b) and Rule 59(e) rulings are reviewed for an abuse of discretion. *See Campbell*, 962 F.2d at 1523 (Rule 59(e)); *Campbell v. Bartlett*, 975 F.2d 1569, 1580 n.15 (10th Cir. 1992) (Rule 60(b)). Because the district court properly granted Defendants' summary judgment motion and Plaintiff has failed to show any additional evidence or circumstances that would undermine the summary judgment determination, the district court did not abuse its discretion in denying Plaintiff's motion, however styled. Therefore, we affirm the district court's denial of Plaintiff's motion for post-judgment relief.

### D. State Tort Claims

Finally, we note an oversight by the district court in entering judgment. The district court's order adopted the magistrate judge's recommendations, but both the order and judgment failed to address Plaintiff's state law claims. The

judgment of the district court should be corrected to dismiss the state tort claims without prejudice.  We remand for this purpose.

III.    **Conclusion**

We AFFIRM the judgment below with respect to Plaintiff's § 1983 claims, but we REVERSE the judgment with respect to the state law claims and REMAND with instructions to correct the judgment so that Plaintiff's state law claims are dismissed without prejudice.

Entered for the Court


Harris L Hartz
Circuit Judge
