**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 26, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL MILLIGAN,

      Plaintiff - Appellant,

v.

BRIAN MATTHEWS,

      Defendant - Appellee.

No. 05-1007
(D.C. No. 99-WM-2030(BNB))
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **McKAY** and **HENRY**, Circuit Judges.

Plaintiff-Appellant Michael Milligan appeals the district court's decision

denying his motion to extend time to file a notice of appeal. We AFFIRM.

**BACKGROUND**

Milligan sued Defendant-Appellee Brian Matthews, a prison official at the

facility where Milligan was incarcerated, under 42 U.S.C. § 1983 for certain

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

violations of Milligan's First Amendment rights. After a trial, Milligan was awarded $100 in nominal damages and $10,000 in punitive damages. Matthews filed a motion for a new trial or to alter the judgment, which the district court granted in part, reducing Milligan's award to $1 in nominal damages and $7,500 in punitive damages.

The district court entered its order altering the judgment and reducing Milligan's award of damages on September 13, 2004. On November 15, 2004, the district court received and filed three papers from Milligan: a notice of appeal; a motion for an extension of time to file a notice of appeal; and a motion to stay the amended judgment pending appeal.

In his motion for an extension of time, Milligan claimed that his trial counsel failed to file the notice of appeal, which he argued should be considered excusable neglect and should not bar his right to appeal. The motion is dated November 10, 2004, and contains a signed "certificate of mailing" stating that Milligan placed the motion "in the U.S. mail, postage prepaid," addressed to his trial counsel and the government attorney involved in this case, on November 12, 2004.[1]

---

[1]The certificate of mailing reads:
I hereby certify that on this 12th day of November, 2004 I placed true copies of the MOTION FOR EXTENSION OF TIME TO FILE A NOTICE OF APPEAL and NOTICE OF APPEAL in the U.S. mail,
(continued...)

After receiving these filings, the district court issued a "show cause" order requiring Milligan to explain why his motions should not be stricken. Milligan's trial counsel responded, stating that Milligan knew that the scope of counsel's representation did not include any appeal, but asking the court to excuse Milligan's late filing due to any confusion he may have had concerning the appeals process.

In an order issued December 28, 2004, the district court found that Milligan's papers were filed after the deadlines for filing both a notice of appeal and a motion to extend time to file a notice of appeal had passed. Noting that the requirement of filing a timely notice of appeal is mandatory and jurisdictional, the district court denied Milligan's motion to extend time to appeal without ruling on whether good cause or excusable neglect existed. The court also denied his motion to stay the judgment pending appeal. Milligan timely filed his notice of appeal of this order on January 3, 2005.

**DISCUSSION**

"A district court's order refusing to extend the time for filing a notice of appeal is itself an appealable final judgment, which this court reviews only for

---

[1](...continued)
postage prepaid, and addressed to [Milligan's trial counsel and the government attorney].

abuse of discretion." Bishop v. Corsentino, 371 F.3d 1203, 1206 (10th Cir. 2004) (quotations, citations omitted).  We have explained that

> [t]he time parameters for filing notices of appeal are usually mandatory and jurisdictional.  In a civil case, the notice of appeal generally must be filed with the district clerk within 30 days after the judgment or order appealed from is entered.  The district court, however, may extend the time upon a showing of excusable neglect or good cause, if a party moves for an extension no later than thirty days after the appeal time has expired.

Id. (quotations, citations omitted); see also Fed. R. App. P. 4(a)(5)(A)(i).

The district court found that Milligan's time to appeal began running from September 10, 2004—the date on which the district court's order was filed.  We disagree.  "A party intending to challenge an order disposing of [a motion to alter or amend the judgment], or a judgment altered or amended upon such a motion, must file a notice of appeal . . . within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion." Fed. R. App. P. 4(a)(4)(B)(ii) (emphasis added).  As noted above, the district court's order was entered on September 13, 2004.  Thus Milligan's time to file his notice of appeal expired on October 13, 2004—30 days after the court's order partially amending the judgment was entered—and his time to file his motion to extend expired on November 12, 2004—30 days later.  The district court incorrectly calculated his time period to have expired on November 9, 2004.  Even this re-calculation does not make Milligan's motion to extend timely, however, because,

- 4 -

as noted above, the motion was not received by the district court until November 15, 2004.

Nor is Milligan's motion saved by the "prison mailbox rule." In general, an inmate's legal papers are considered timely filed if placed in the prison's legal mail system or given to prison officials on or before the deadline for filing, regardless of when the court receives them. See Fed. R. App. P. 25(c); see also Price v. Philpot, 420 F.3d 1158, 1166 (10th Cir. 2005). However,

> an inmate must establish timely filing under the mailbox rule by either (1) alleging and proving that he or she made timely use of the prison's legal mail system if a satisfactory system is available, or (2) if a legal system is not available, then by timely use of the prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that postage was prepaid.

Price, 420 F.3d at 1166. Moreover, "the inmate . . . has the burden of proof on this issue." Id. at 1165.

Milligan's motion for an extension fails under either test. First, Milligan states only that he placed the motion "in the U.S. mail, postage prepaid," on November 12. Thus Milligan failed to allege that he had made use of the prison's legal mail system. See id. at 1166 (inmate's allegation "that he used 'the institutional mails' is insufficient to connote use of the 'legal mail system.'"). Second, Milligan's statement of mailing contained "no 'under penalty of perjury' language as specifically required by 28 U.S.C. § 1746." Id. at 1167.

As Milligan is not entitled to the prison mailbox rule, his motion for an extension of time was therefore "filed" when received by the district court. See id. The motion was received three days after the time to file the motion had expired; thus, the district court correctly ruled that the motion was untimely. Further, as the notice was untimely, the district court properly refused to consider whether there was "good cause" or "excusable neglect" to justify the extension of time. See Fed. R. App. P. 4(a)(5)(A) (noting that extension of time may only be granted where a party shows good cause or excusable neglect and makes a motion to extend time within 30 days of the expiration of the time to file a notice of appeal).

We briefly dispose of Milligan's other arguments challenging the district court's judgment. Milligan argues that the time for filing his notice of appeal should not have started running until the district court's order denying his motion to stay the judgment pending appeal pursuant to Fed. R. Civ. P. 62(b) was entered. The pendency of certain motions tolls the running of the time for filing a notice of appeal. See Fed. R. App. P. 4(a)(4)(A)(i)-(vi). However, a motion to stay is not one of these "tolling" motions, thus Milligan's filing of his Rule 62(b) motion did nothing to halt the running of his time to appeal.

Milligan also argues that the time for filing a notice of appeal does not start until the judgment is filed on a separate document pursuant to Fed. R. Civ. P.

58(b)(2), which Milligan contends did not occur until December 28, 2004.

However, "a separate document is not required for an order disposing of a motion

. . . to amend or make additional findings of fact under Rule 52(b) [or] . . . for a

new trial, or to alter or amend the judgment, under Rule 59." Fed. R. Civ. P.

58(a)(1)(B), (D). The district court's order was precisely this type of order, thus

the separate document rule does not apply.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's denial of

Milligan's motion for an extension of time to file a notice of appeal as untimely.

As the district court granted Milligan's motion to proceed *in forma pauperis* on

appeal, we remind him of his obligation to continue making partial payments until

he has paid the entire appellate filing fee.


ENTERED FOR THE COURT


David M. Ebel
Circuit Judge