FILED
United States Court of Appeals
Tenth Circuit

May 4, 2022

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

NORVELL CRUMP,

    Plaintiff - Appellant,

v.

UNITED STATES DISTRICT COURT
OF SOUTHERN DISTRICT OF WEST
VIRGINIA AT HUNTINGTON,

    Defendant - Appellee.

No. 22-1043
(D.C. No. 1:21-CV-03461-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **KELLY**, and **ROSSMAN**, Circuit Judges.
_____

Federal prisoner Norvell Webster Crump filed a pro se civil rights complaint in the

United States District Court for the District of Colorado.  The court ordered him to

(1) submit an amended complaint on the proper form and (2) either pay the filing fee or

file a properly supported motion to proceed _in forma pauperis_ ("_ifp_").  After finding that

Mr. Crump had failed to provide his inmate trust fund account statement to support _ifp_

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

status, the court dismissed his amended complaint. Mr. Crump appeals and requests permission to proceed *ifp* here. Exercising jurisdiction under 28 U.S.C. § 1291, we vacate dismissal of the amended complaint, remand this matter to the district court, and grant Mr. Crump's *ifp* request.[1]

## I. BACKGROUND

After Mr. Crump filed his complaint, a magistrate judge directed him to submit an amended complaint on the proper form. He also ordered Mr. Crump to pay the filing fee or submit an *ifp* application with a certified copy of his inmate trust fund account statement. The order warned that failure to cure the deficiencies within 30 days would result in dismissal.

On January 12, 2022, Mr. Crump filed an amended complaint on the prisoner complaint form.[2] He also filed a request to proceed *ifp* on the proper form. On January 14, the district court issued an order stating that Mr. Crump had not filed a copy of his trust account statement with his *ifp* request and directed him to do so by January 28 or face dismissal of his amended complaint. Mr. Crump submitted two requests for an extension of the January 28 deadline, stating he had encountered difficulties in obtaining

---

[1] We liberally construe Mr. Crump's pro se brief and his filings below, but we do not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] It named as defendants (1) the United States District Court for the Southern District of West Virginia at Huntington and (2) Henry Lowery of the West Virginia Department of Corrections. Although Mr. Crump has not listed Mr. Lowery in the case caption, he included Mr. Lowery as a defendant in the "defendant information" section of the prisoner complaint form.

a copy of his trust account statement.  The requests were postmarked on January 25 and January 27 and reached the clerk's office on February 2 and 3, but they were not entered on the docket until February 4.  *Id.* at 25-28; Dist. Ct. Doc. at 7, 8.

On February 4, the district court dismissed Mr. Crump's amended complaint without prejudice for failure to cure deficiencies and failure to prosecute.  The court said Mr. Crump had not filed a copy of his trust account statement by the deadline nor communicated with the court after its January 14 order.  The court also denied him leave to proceed *ifp* on appeal because any appeal would not be taken in good faith.  On appeal, Mr. Crump attached to his opening brief a certified copy of his trust account statement dated March 2, 2022.  Aplt. Br. at 10-11.

## II.  **DISCUSSION**

Mr. Crump argues the district court erred because it did not grant him an extension of time to file his trust account statement.  He asserts that he requested a copy of the statement from prison officials, but they did not provide it in a timely manner.

The record shows that on January 25 and 27, Mr. Crump mailed requests for an extension of the January 28 deadline due to difficulties in obtaining a copy of his trust account statement.[3]  App., Vol. I at 26, 28.  These extension requests reached the clerk's

---

[3] The extension requests were filed on January 25 and 27 under the prison mailbox rule.  *See Milligan v. Matthews*, 166 F. App'x 335, 337 (10th Cir. 2006) (unpublished) (prison mailbox rule applicable to motion to extend); *Lockaby v. Young*, 42 F. App'x 313, 318 (10th Cir. 2002) (unpublished) ("[T]he 'prisoner mailbox rule' provides that an inmate's pleadings are deemed filed as of the date on which they are deposited into the appropriate prison mailing system."); *see also Hall v. Scott*, 292 F.3d 1264, 1266 n.1 (10th Cir. 2002) ("[P]ursuant to the 'mailbox rule,' a prisoner's papers are considered filed as of the date he delivers them to prison officials for mailing.").

office on February 2 and 3. *Id.* at 25, 27. They were entered on the docket on February 4—the same day that the district court issued its order dismissing Mr. Crump's amended complaint. *Id.* at 29; Dist. Ct. Doc. at 7, 8. The district court did not address Mr. Crump's extension requests, instead stating that Mr. Crump had not communicated "in any way" with the court since January 14. App., Vol. I at 30.[4]

We remand for the district court to consider Mr. Crump's extension requests. *See Montana v. Hargett*, 182 F. App'x 750, 752 (10th Cir. 2006) (unpublished) (remanding for district court to consider prisoner's argument that he had requested trust account statement but prison officials did not deliver it in time).

## III. CONCLUSION

We vacate dismissal of the amended complaint, remand this matter to the district court, and grant Mr. Crump's application to proceed *ifp* on appeal.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

---

Although not precedential, we find the reasoning of the unpublished decisions cited in this opinion instructive. *See* 10th Cir. R. 32.1 ("Unpublished decisions are not precedential, but may be cited for their persuasive value."); *see also* Fed. R. App. P. 32.1.

[4] It appears that Mr. Crump's requests for extension of time, though received by the clerk's office on February 2 and 3 and entered on the docket on February 4, had understandably not reached the district judge's attention before he entered the dismissal order.